UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ALEXANDER BRADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01331-SEM-DJQ |
| | ) | |
| JEFFREY LOWER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff, proceeding pro se and presently incarcerated at Tazewell County Jail, alleges Defendants violated his constitutional rights.

A. <u>Motion to Proceed Without Prepayment of Fees</u>

Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is granted.

B. <u>Motion to Request Counsel</u>

Plaintiff's Motion to Request Counsel (Doc. 3) is before the Court. Plaintiff attaches a list of names of lawyers he contacted shortly before filing this and two other lawsuits. The letter combines a request for representation regarding all three issues. Plaintiff has not shown that he made a reasonable attempt to find a lawyer, or

was prevented from doing so, before seeking Court assistance. Plaintiff must do so before requesting court assistance in this regard. This is normally accomplished by contacting several civil rights attorneys regarding the specific allegations in this specific case and requesting representation in this lawsuit as to those specific allegations, then providing the Court with copies of such letters sent, as well as any responses received, in support of any future request for Court assistance in finding a volunteer lawyer. *Pruitt v. Mote,* 503 F.3d 647, 653-655 (7th Cir. 2007). Plaintiff may renew his request for Court assistance finding an attorney if he undertakes a reasonable search on his own as stated above, and the Court will consider the request at that time.

   C. Merit Review

The case is now before the Court for a merit review of the Complaint (Doc. 1).

   The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

1. Plaintiff's Allegations

Plaintiff's claims arise from his detention in the Tazewell County Jail.

He names Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Assistant Jail Superintendent Dave Harper, Jail Operation Supervisors Aaron Hoffman, Mark Wells, and Trent Strunk, Medical Doctor Shamaila Gorsi, and Corrections Officers Sean Lohman, Justin Bauer, Dalton Selman, Jordan Shertz, Zachary Smith, Darrell Slaven, John Riley, and Jacob O'Shaughnessy as Defendants.

Plaintiff suffered excruciating right testicular, kidney, hip, and femur pain beginning in May 2025. On May 4, Plaintiff notified

Defendant Lohman about the excruciating pain and Lohman told Plaintiff to fill out a slip and that he would be lucky if he was seen the next day. Plaintiff explained he was experiencing emergency-level pain. Lohman said Plaintiff had to wait and ordered Plaintiff away from the desk, refusing to hear his complaint further. Later, when Plaintiff again asked for help, Lohman asked him why he had to be such a pain in the ass.

On May 19, 2025, Dr. Bradley (not a Defendant) recommended further imaging if significant symptoms persisted.

On June 13, Plaintiff requested medical treatment. The next day, Plaintiff alleges Defendant "Justin Bauer receives free ibuprofen, even though detainees are charged $20-25 to even be considered to receive ibuprofen or similar over the counter medication. Denied access to grievance procedure."

On June 15, Plaintiff explained to Defendant O'Shaughnessy his medical emergency, and the outstanding request filed June 13, and O'Shaughnessy responded by threatening Plaintiff with disciplinary segregation.

On June 20, Plaintiff again requested medical treatment.

On July 7, Plaintiff's severe right-side pain returned. He submitted a sick call request on July 9. Though no medical staff saw him, he was prescribed ibuprofen twice daily for thirty days.

On July 25, Plaintiff was first able to access a grievance form, and he filed a medical grievance. On July 30, he was still experiencing pain as stated above.

2. Application – Medical Care

The Fourteenth Amendment requires jail officials to provide objectively reasonable medical care for pretrial detainees. *See Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015); *Hardeman v. Curran,* 933 F.3d 816, 823 (7th Cir. 2019) (extending objectively unreasonable standard to detainee's claims about conditions of confinement, including medical care). The question is whether a reasonable officer, situated as the defendant under consideration was situated, acted in an objectively reasonable way in taking, or failing to take, certain intentional actions in response to the detainee's medical need. *See Echols v. Johnson,* 105 F.4th 973, 978 (7th Cir. 2024), *reh'g denied,* 2024 WL 3992502 (7th Cir. Aug. 29, 2024); *Davis v. Rook,* 107 F.4th 777, 780 (7th Cir. 2024).

Plaintiff states a claim for objectively unreasonable medical care against Lohman, who ignored his excruciating pain, and O'Shaughnessy, who denied care and threatened Plaintiff in response to Plaintiff's request for medical care. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc). Plaintiff has alleged that these Defendants knew Plaintiff was in extreme pain but denied or delayed treatment and medicine, causing unnecessary suffering. Plaintiff does not include any specific allegations that any other Defendant knew of and responded in an objectively unreasonable manner regarding Plaintiff's medical condition.

3. First Amendment

Plaintiff also states a First Amendment claim against O'Shaughnessy. Upon Plaintiff making a meritorious request for medical attention, O'Shaughnessy threatened him with disciplinary segregation. *See Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015).

4. Individual Capacity Claims Against Remaining Defendants

Though Plaintiff names Sheriff Jeffrey Lower, Jail Superintendent Mike Harper, Assistant Jail Superintendent Dave Harper, Jail Operation Supervisors Aaron Hoffman, Mark Wells,

and Trent Strunk, Medical Doctor Shamaila Gorsi, and Corrections Officers Justin Bauer, Dalton Selman, Jordan Shertz, Zachary Smith, Darrell Slaven, and John Riley as Defendants, Plaintiff does not allege any of these Defendants' personal involvement. Plaintiff's claims against these Defendants are dismissed without prejudice because there are no allegations that they were involved in any violation of his constitutional rights. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under § 1983 for a violation of … constitutional rights, the inmate must show that the defendant was personally responsible for that violation.").

    5. Official Capacity Defendant Sheriff Lower

To state an official-capacity claim against Sheriff Lower, Plaintiff must allege that an unconstitutional act is caused by: "(1) an official policy adopted and promulgated by its officers; (2) a corporate practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cty Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). Furthermore, Plaintiff must allege that such a policy was not only causally connected to a

constitutional violation, but also was the moving force behind his injuries. *Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014); *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff has not put forth plausible allegations that policies, rather than individual wrongdoing by Correctional Officers Lohman and O'Shaughnessy, underpin his claims.

**IT IS THEREFORE ORDERED:**

**1.      Plaintiff's Motion to Proceed in Forma Pauperis [2] is GRANTED. Clerk to docket trust fund ledger from Plaintiff's other litigation in this district and calculate and collect the initial partial filing fee.**

**2.      Plaintiff's Motion to Request Counsel [3] is DENIED without prejudice. Plaintiff may renew it after attempting to secure counsel specific to his claims in this lawsuit.**

**3.      Plaintiff's Motion for Status [5] is MOOT.**

**4.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a claim for objectively unreasonable medical care against Lohman, who ignored his excruciating pain, and O'Shaughnessy, who denied care and threatened Plaintiff in response to Plaintiff's request for medical care. Plaintiff also states a First Amendment claim against O'Shaughnessy. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**5.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those**

motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

      6.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

      7.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

      8.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

      9.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.

However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

      10.  Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

      11.  The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

      12.  If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

      13.  The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 17th day of November, 2025.

                            *s/Sue E. Myerscough*
                          SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE